United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMIE MALIK SNOWDEN RICHARDSON,

Defendant.

Case No.: CR 09-00203-26-YGR (KAW)

ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

## I.  BACKGROUND

On December 1, 2010, Jamie Malik Snowden Richardson was sentenced to 48 months in custody and three years of supervised release for distribution of MDMA. On September 13, 2013, Defendant's probation officer filed a petition alleging that Defendant had violated numerous conditions of his supervised release. The alleged violations were: (1) leaving the judicial district without the permission of the probation officer; (2) failing to notify the probation officer of all vehicles driven during the month of August 2013; (3) failing to notify the probation officer of law enforcement contact on the offender's monthly supervision report for the month of August 2013; (4) associating with a person convicted of a felony without the permission of the probation officer; and (5) failing to notify the probation officer within 72 hours of being questioned by law enforcement. On September 13, 2013, the Duty Judge found probable cause and issued a summons for Defendant to appear in court before the undersigned.

On October 16, 2013, Defendant's probation officer filed another petition alleging the same violations indicated above, and including additional allegations that Defendant had, on a separate occasion, left the judicial district without the permission of the probation officer. The petition also alleged that Defendant had violated the condition that he not commit another federal, state, or local crime when he threatened and physically assaulted the mother of one of his

children, Michele Clark. On October 16, 2013, the Duty Judge found probable cause and issued a no bail warrant for Defendant's arrest.

Defendant was arrested and on November 21, 2013, the court held a hearing on the Government's motion to detain Defendant pending his supervised release violation hearing. Defendant was present, in custody, and represented by Camellia Baray. Assistant United States Attorney Garth Hire appeared on behalf of the Government. Jena Russo, for Probation Officer Michael McFarland, was also present. For the reasons stated below, the court orders that Defendant be detained.

## II.  LEGAL ANALYSIS

Defendant's sentence for distribution of MDMA included a three year term of supervised release. In so ordering, the Court imposed standard conditions, including: Defendant shall not leave the judicial district without permission of the court or probation officer; Defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month; Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

Because Defendant is charged with a supervised release violation, Defendant bears the burden of establishing that he is not a flight risk or a danger to the community by clear and convincing evidence. FED. R. CRIM. P. 32.1(a)(6); 18 U.S.C. § 3143.

The instant Form 12 contains numerous allegations of multiple supervised release violations. The petition alleges that Defendant left the judicial district without his probation officer's permission on at least two separate occasions. On August 30, 2013, Defendant was stopped by Sacramento Police Department for failure to initiate a turn signal. On October 15, 2013, Defendant was arrested in Sacramento for violations of California Penal Code §§ 273.5 (domestic violence) and 422 (terrorist threats).

Defense counsel requests that Defendant be released. Defense counsel indicates that Defendant has a history of entrepreneurship and that since his release, he has been operating two

businesses. Defense counsel also indicates that she has furnished copies of business licenses that Defendant obtained in May 2013 to U.S. Probation and the attorney for the Government. One business license is for Defendant's body-building supplement business. The other business license is for Defendant's carpet cleaning business. Defense counsel states that Defendant has lost business opportunities as a result of having been incarcerated since the October 15, 2013 incident.

Defense counsel states that the original Form 12 pertained only to the August 30, 2013 traffic stop in Sacramento. Defendant argues that the other alleged violations stem from that single incident. According to Defendant, he travels to Sacramento because part of his carpet cleaning is based out of that city, and that the only two repair shops capable of servicing Defendants' carpet cleaning vans are located in Sacramento and San Carlos. Defense counsel cites communication issues as the reason why Defendant had not obtained the permission of his probation officer prior to travelling outside of the judicial district.

The attorney for the Government persuasively argues that Defendant should be detained. Counsel indicates that when Defendant was found in Sacramento, he was not pulled over with diet supplements or while cleaning carpets. Instead, he was pulled over in a Maserati, which Defendant claims belongs to his girlfriend, and in the presence of a suspected gang member, who was in the vehicle with Defendant. This suspected gang member has drug-related convictions, including a conviction for distributing narcotics to a minor and for sexual intercourse with a minor under the age of sixteen. As for Defendants' purported business ventures, the attorney for the Government indicates that while the businesses are registered, Defendant has supplied no verification that these companies currently generate revenue or otherwise operate.

Counsel for the Government also indicates that despite the pendency of the original Form 12, Defendant again traveled to Sacramento, which resulted in more serious allegations that Defendant committed another federal, state, or local crime when he threatened and physically assaulted the mother of one of his children. According to the arrest report, Defendant grabbed Clark around her throat, choked her while she was operating a vehicle, and threatened to "shoot up" Clark's daycare, "kill" her "and her kids." Clark's statement to the Sacramento Police Department indicated that she is afraid for her life, the lives of her children, and the lives of the

children at her daycare because she believes that Defendant "is capable of hurting them and carrying out his threats of killing them." In addition, the only communication problem Defendant seems to have had with his probation officer is of his own making, as Defendant did not submit requests to travel in time to obtain prior approval and did not communicate the reasons justifying his out-of-district travel despite his probation officer's instructions to do so.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that Defendant has not shown by clear and convincing evidence that he is not a risk of flight or a danger to the community.

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: November 27, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 09-00203-26-YGR (KAW)                    4